ANNA S. WALLACE *vs.* MARKHAM, administrator of Page.

To entitle a plaintiff to costs against an executor or administrator, it must appear that the demand which had been presented for payment, or which the plaintiff had offered to refer, was *substantially* the same as that upon which the recovery was had.

Where the demand claimed and offered to be referred was an entire sum of $1000 alleged to be due the plaintiff on a special contract for work and labor, and on the trial it was decided that she could not recover on the contract, but only a reasonable compensation for the work and labor, and the verdict was for less than $600 ; *held,* that the plaintiff was not entitled to costs.

MOTION for costs against an administrator. The plaintiff recovered a verdict at the last Livingston circuit for $579,20. The declaration was for work, labor and services performed for the intestate in his lifetime, and also upon a special contract by which the intestate, in consideration that the plaintiff would enter into his service and continue with him until his death, promised to pay her one thousand dollars; averring performance on her part. Plea, non-assumpsit.

The certificate of the circuit judge was produced, which stated that it was proved on the trial that the plaintiff entered the service of the intestate in January, 1839, she then being a minor, but permitted to earn and have her wages, and the intestate being without a wife and having small children to be taken care of, and being himself in a declining state of health; and she gave evidence to show that soon after she came there a contract was made between them to the effect set forth in the declaration; and she proved that she continued in the service of the intestate until his death in October following; and that shortly before his death he gave her a note or agreement promising to pay her $1000 when *his land in Michigan should be sold;* and that after she came of age, which was in October, 1842, she disaffirmed the note and brought this action. The plaintiff claimed to recover on the special contract; but the circuit judge held that she was only entitled to recover on the *quantum meruit* count for her services for about nine months during which she lived with the defendant, and the verdict was rendered accordingly.

The plaintiff's bill of particulars in the suit was produced, in which her demand was stated to be for work and labor from January, 1839, till the testator's death, at a reasonable price, and also for $1000 due by the special agreement and interest thereon.

The cause had been once tried before referees appointed by the circuit judge, when it was formerly noticed for trial at the Livingston circuit, who made a report in favor of the plaintiff for $1293,44, which the court set aside.

The plaintiff, before she came of age, had several times called on the defendant, as administrator, and claimed to be paid $1000 on account of the note, or the special agreement, which the defendant refused to pay, saying it was not due and that it was unjust; and some of her friends on her behalf had applied for payment of the $1000, and offered to refer *that* claim, which he declined. He had offered to pay her $300 in satisfaction of her demand, which she refused to take; but there had been no communication between the plaintiff or her attorney and the defendant after she came of age, and the defendant had never had notice that she had elected to disaffirm the note, or that she lim-

Wallace *v.* Markham.

ited her claim to a reasonable compensation for her services, or was willing to refer *such a claim*, prior to the commencement of the suit.

*A. Dunn* for the plaintiff.

*D. Wright*, for the defendant.

*By the Court*, JEWETT, J. Costs are not recoverable in actions against executors and administrators of course, as in other actions ; but depend upon the existence of certain facts. The statute (2 *R. S.* 90, § 41,) has made it the duty of this court to decide in what cases executors and administrators shall pay costs to be levied of their property or of the property of the deceased, "having reference to the facts that appeared on the trial;" and when the cause is tried at the circuit, "such facts" are to be certified by the circuit judge before whom the trial shall have been had.

It is now settled that there are but two grounds for awarding costs in such cases ; (1) when the claim has been presented and payment has been unreasonably resisted or neglected ; and (2) when there has been a refusal to refer, *the* claim being disputed. (*Bullock* v. *Bogardus, ante, p.* 276.) Neither of these grounds exists in this case. The particular claim upon which the plaintiff has recovered was at no time presented to the defendant for payment, nor was any offer made to refer it, should it even be conceded that the plaintiff or her attorneys were competent to make such offer, which, as she was at the time a minor, is at least doubtful. The claim presented, and in respect to which payment was refused, and which was offered to be referred, was for the $1000 for which the note had been given, or the same amount agreed to be paid by the deceased to the plaintiff by a special agreement between them ; the first of which the plaintiff disaffirmed on attaining the age of twenty-one years, shortly before the suit was commenced, and the other the circuit judge decided against the plaintiff on the trial. The plaintiff did not recover upon the *note* or *special* agreement, but upon a *quantum meruit* for work and labor for about nine months, performed

by her for the deceased, which claim there is no ground to pre-
tend she at any time, personally or otherwise, presented for pay-
ment or offered to refer. To lay a foundation for costs in these
cases, the claim presented for payment and which is offered to
be referred must be substantially the claim which the plaintiff
subsequently recovers. (*Knapp* v. *Curtiss*, 6 *Hill*, 386.)

Motion denied.